In December, 1923, John W. Wile executed in favor of W. B. Conoly and Company five promissory notes aggregating $64,680.00, all of said notes being secured by a purchase money mortgage describing lands in Pasco County and bearing the date of the notes. In April, 1924, Wile conveyed his interest in the lands covered by the mortgage, to Florida Heights Corporation which assumed and agreed to pay the said mortgage and notes. In April, 1925, Florida Heights Corporation in turn, conveyed its interest in the said lands to Hernando Plantation Company which also assumed and agreed to pay the said mortgage and notes. In September, 1930, the said notes and mortgage were assigned by W. B. Conoly and Company to Hernando Development Company. In November, 1930, Hernando Development Company brought this suit to foreclose, making John W. Wile, Florida Heights Corporation, Hernando Plantation Company, and E. G. Upson parties defendant. Decrees pro confesso were entered against Wile and Hernando Plantation Company. Florida Heights Corporation and E. G. Upson, each filed a separate answer which was later amended and both amended answers were stricken on motion of complainant. Decree pro confesso was then entered against Florida Heights Corporation and E. G. Upson, the cause proceeded to final decree, sale was made and confirmed, Master's Deed was executed to the purchaser, and this appeal was taken from the order striking the separate amended answers of Florida Heights Corporation and E. G. Upson.
Numerous assignments are argued, but the controlling *Page 786 
question we are called on to decide is whether or not the Chancellor erred in striking the amended answers of Florida Heights Corporation and E. G. Upson.
The pertinent part of the amended answers in effect alleges that John Zeman, Lidwig Novemesky, Emery A. Jecusko, Paul Vaclavek, and Joseph Sastinsky are the real owners of the mortgage sought to be foreclosed, that Hernando Development Company, the complainant, is a mere pretended owner created for the purpose of foreclosing the mortgage but has no real interest therein. They further allege that Florida Heights Corporation and E. G. Upson were the owners of the second mortgages covering the same lands as those described in the first mortgage sought to be foreclosed, that Florida Heights Corporation was threatening to foreclose its second mortgage but withheld said foreclosure proceedings on the representation of the real owners as above enumerated, that they were paying off the mortgage sought to be foreclosed and that they would continue so to do; that at the time of such representation the property described in the mortgage foreclosed was worth more than the amount of the first mortgage against it but that since that time it has depreciated in value; that said representations were made for the purpose of deceiving E. G. Upson and the Florida Heights Corporation, and that the real owners knew at that time and had conspired together to postpone the foreclosure of said mortgage in order that if the lands did decrease in value they could later foreclose the first mortgage and get the property.
Ordinarily allegations of this character, if proven, would be a good defense to a bill to foreclose but in this case all assignments of the first mortgage appear to have been regular and for a valuable consideration, the first mortgage was still alive and subject to foreclosure at any time. Foreclosure *Page 787 
of the second mortgage of appellants would have been subject to the rights of the owner of the first mortgage. The contract relied on to support appellants' contention in no wise indicates that it was given in consideration of forbearance to foreclose the second mortgage but on the other hand on its face it purports to be a straight agreement to purchase. If this interpretation is correct it is not a subject of equitable cognizance but is one on which recovery must be sought through a court of law. Only ten months elapsed from the date of the contract to the date the foreclosure suit was instituted.
If these observations are correct and appellants had no other challenge there is no defense they could have interposed to the suit to foreclose the first mortgage. It therefore follows that the judgment of the Chancellor below must be and is hereby affirmed.
Affirmed.
WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.
DAVIS, C. J., concurs specially.